```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                        INDIANAPOLIS DIVISION


UNITED STATES OF AMERICA,      )
                               ) Cause No.
        Plaintiff,             ) 2:24-cr-00008-JRS-CMM-1
                               ) Indianapolis, Indiana
    vs.                        ) February 27, 2025
                               ) 1:00 p.m.
NICHOLAS WHEELER,              )
                               )
        Defendant.             )
```

**Before the Honorable
James R. Sweeney II**

OFFICIAL REPORTER'S TRANSCRIPT OF
COMPETENCY HEARING

**For Plaintiff:**   Jordan Oliver
                     Assistant U.S. Attorney
                     United States Attorney's Office
                     Suite 2100
                     10 West Market Street
                     Indianapolis, IN  46204


**For Defendant:**   Joseph Cleary
                     Indiana Federal Community Defenders
                     111 Monument Circle
                     Suite 3200
                     Indianapolis, IN  46204


Court Reporter:                  Gretchen Fox, RPR
                                 United States District Court
                                 46 East Ohio Street, Room 217
                                 Indianapolis, Indiana  46204

PROCEEDINGS TAKEN BY MACHINE SHORTHAND
TRANSCRIPT CREATED BY COMPUTER-AIDED TRANSCRIPTION

```
 1                    (In open court.)
 2          THE COURT:  We're on the record in
 3   United States v. Nicholas Wheeler, which is Cause 2:24-cr-008.
 4   We're here on defendant's motion for a competency hearing,
 5   which the Court ordered a physical -- or psychological --
 6   excuse me -- examination -- DCF 31 on August 19 of 2024, and
 7   so we have with us today Mr. Assistant U.S. Attorney Oliver.
 8          Welcome to you, sir.
 9          MR. OLIVER:  Good afternoon, Your Honor.
10          THE COURT:  On behalf of the defendant, Mr. Cleary,
11   welcome to you.
12          MR. CLEARY:  Good afternoon, Your Honor.
13          THE COURT:  Welcome to you.
14          Mr. Wheeler, is that you?
15          THE DEFENDANT:  Yes, Your Honor.
16          THE COURT:  Welcome to you.  Can you hear me?
17          THE DEFENDANT:  Yes, Your Honor.
18          THE COURT:  All right.  Our court reporter is
19   Gretchen Fox.  So as I said, I ordered that psychological
20   evaluation.  And I said I ordered that on August 19, but
21   that's, in fact, when the motion was filed, and so I ordered
22   the -- the examination, the psychiatric -- or psychological
23   examination on September 5, 2024, the results of that report
24   conducted by Samuel Browning, Ph.D., received by the Court on
25   December 12, 2024, and it was filed under seal.
```

```
 1               Is there any reason for the court to be sealed
 2    today?
 3               MR. CLEARY:  Not to my -- not to my knowledge, Your
 4    Honor.
 5               THE COURT:  All right.  Everybody in the court is
 6    fine here.  That was filed under seal in which Dr. Browning
 7    diagnosed Mr. Wheeler with schizophrenia and opined that he
 8    appears, he being Mr. Wheeler, appears to have an adequate
 9    understanding of the nature of the proceedings and the
10    consequences but that delusional beliefs, his lack of insight
11    into them, and fixation on their relevance in this case and
12    defense are concerning regarding his ability to properly
13    assist counsel.  I also noted Mr. Wheeler currently is
14    unwilling to take psychiatric medications, and as such,
15    antipsychotic medications are a primary intervention for his
16    illness, will likely improve his mental condition, although
17    the response to them is uncertain.
18               And so he concludes, Dr. Browning, by saying that
19    Mr. Wheeler may be able to obtain competency to stand trial
20    while in treatment in a federal medical facility with the
21    Federal Bureau of Prisons under Title 18 United States Code
22    Section 4241(d) for a reasonable period not to exceed 120
23    days.
24               Well, Mr. Wheeler, how are you doing today?
25               THE DEFENDANT:  I'm doing great.  Thank you for
```

```
 1  asking, Your Honor.
 2              THE COURT:  Uh-huh.  So you know who I am?
 3              THE DEFENDANT:  I believe your name is Judge
 4  Sweeney.
 5              THE COURT:  Okay.  And who's that next to you there?
 6              THE DEFENDANT:  My attorney, Joe Cleary.
 7              THE COURT:  Okay.  And who's this gentleman over
 8  here?
 9              THE DEFENDANT:  That's the Assistant United States
10  Attorney.  I think his name is Mr. Oliver, if I'm correct.
11              THE COURT:  Okay.  And what's his job in this case?
12              THE DEFENDANT:  Oliver works for the federal
13  government.  He's the prosecutor, I believe.
14              THE COURT:  Okay.  So what does he do?
15              THE DEFENDANT:  He presents evidence to find guilt
16  in me, and he's bringing charges against me.
17              THE COURT:  Okay.  Do you know what those charges
18  are?
19              THE DEFENDANT:  I'm being charged with 875(b),
20  extortionate threats via interstate commerce, and threats via
21  interstate commerce, 875(c).
22              THE COURT:  How about Mr. Cleary?  What's his job
23  here?
24              THE DEFENDANT:  He's to present evidence in my
25  defense.
```

```
 1                THE COURT:  Okay.  And how does he do that?  What's
 2   the basis --
 3                MR. CLEARY:  Your Honor, I'm sorry.  I guess I'm a
 4   little confused where we're going.  I mean, I have never had
 5   this kind of inquiry before in competency hearings.
 6                THE COURT:  Okay.
 7                MR. CLEARY:  But -- so I guess I'm trying to figure
 8   out where we are given the report and given that neither side
 9   has an objection to the report.
10                THE COURT:  I'll get to that.
11                MR. CLEARY:  If this is a contested matter, if the
12   Court is going to contest it, I need time to get experts and
13   have witnesses.
14                THE COURT:  I'll get to that in a moment.
15                MR. CLEARY:  Okay.
16                THE COURT:  Thank you.
17                What's Mr. Cleary's job in this?
18                THE DEFENDANT:  Mr. Cleary is my federal public
19   defender.
20                THE COURT:  Okay.
21                THE DEFENDANT:  His job is to assist me in my
22   defense while I'm supposed to assist him.  I'm being
23   prosecuted against.  I'm not an expert in the legal matters,
24   but I know that I'm supposed to assist him in my legal
25   defense.
```

1          THE COURT:  Okay.
2          THE DEFENDANT:  To try to prove my innocence.
3          THE COURT:  Okay.  All right.  Well, I have reviewed
4    the forensic and psychological report on competency, and
5    that's dated, as I stated, 12/4/2024 by Psychologist Samuel
6    Browning.  As I said, he's a Ph.D., and he opines, as I noted
7    briefly, that Mr. Wheeler is suffering from schizophrenia
8    rendering him unable to properly assist in his defense.  And
9    absent any evidence or argument to the contrary, I intend to
10   accept Dr. Browning's expert finding that Mr. Wheeler is
11   currently incompetent to stand trial.
12         Mr. Cleary, do you have any evidence or argument to
13   present or any witnesses or any other way to contest?  It
14   sounds as though, based on your previous statements, that you
15   don't contest?
16         MR. CLEARY:  I don't contest Dr. Browning's
17   findings, Your Honor, and they are in accord with a vast
18   amount of records that we have on Mr. Wheeler.
19         THE COURT:  Okay.  As set forth in your motion in
20   the first instance.
21         Mr. Oliver, how about the Government?  Do they have
22   any evidence or arguments to present or any other way to
23   contest the findings of Dr. Browning?
24         MR. OLIVER:  No, Your Honor, no evidence or
25   argument, and the Government would agree with no objections to

```
 1  the report.
 2          THE COURT:  Okay.  Well, gentlemen, I have a
 3  question about the report which seems to suggest that he
 4  refuses to take his medicine, and that's what would restore
 5  him to or may restore him to competency.  And so when he says
 6  "treatment," what does that mean?  Do we know what that means?
 7  In other words, is this going to come back as a Sell hearing?
 8  Do we need to have a Sell hearing?
 9          What do we know about that, Mr. Cleary?
10          MR. CLEARY:  Well, I don't think we can have a Sell
11  hearing until Mr. Wheeler refuses to take medication.
12          THE COURT:  Well, I have a report that says he has
13  refused --
14          MR. CLEARY:  Well, but I think the law --
15          THE COURT:  -- medication.  One of us at a time.  Go
16  ahead.
17          MR. CLEARY:  Are you ready?
18          THE COURT:  Yeah.
19          MR. CLEARY:  I think the law requires the Court to
20  send him back for restoration.  As part of that, if they
21  believe that to be restored he should take medication, I have
22  encouraged Mr. Wheeler to meet with his doctors to find out
23  the medication they're prescribing, to have a serious
24  discussion about the benefits, the potential benefits and
25  potential sides effects, and to make an informed decision
```

```
 1   about what he should do.  I have encouraged him to take the
 2   medication.
 3             At this point, he hasn't refused during restoration
 4   proceedings.  I think -- I'm not sure that they -- I think --
 5   I'm not sure they tried to prescribe those medications to him
 6   or if he just -- it was just discussed and he indicated
 7   unwillingness to do so, but I have encouraged him to do that.
 8   I have encouraged him that's probably the quickest way that we
 9   can get this back on track.  I think the *Sell* hearing is
10   premature until he's sent back to the facility, has the
11   conversation with his doctors, and then refuses.  I hope he
12   doesn't do that.
13             THE COURT:  Okay.  All right.  Well, having reviewed
14   the report and no objection from either parties, the Court
15   does find by a preponderance of the evidence that the
16   defendant, Nicholas Wheeler, is presently suffering from a
17   mental disease or defect, primary diagnosis of schizophrenia,
18   rendering him mentally incompetent to the extent he is unable
19   to understand the nature and consequences of the proceedings
20   against him or to assist in his defense, properly to assist in
21   his defense, and so the Court will order him into the custody
22   of the Attorney General for a period not exceeding four months
23   for treatment, hopefully restore him to competency, and I
24   guess I should say reasonable period not to exceed four
25   months.  And then at that time, we will see what that report
```

```
 1  is, and I think that we will vacate the trial date; is that
 2  right?  We don't have a current trial date.
 3              MR. OLIVER:  That's correct, Your Honor.
 4              THE COURT:  Okay.  And so the Court will set a
 5  status hearing by separate order to -- at the time that we get
 6  a report back -- and I think that's it.
 7              Is there anything further from the Government?
 8              MR. OLIVER:  No, Your Honor.  Thank you.
 9              THE COURT:  All right.  Thank you.
10              Anything further from the defendant?
11              MR. CLEARY:  No, Your Honor.  Thank you.
12              THE COURT:  Thank you, and good luck to you,
13  Mr. Wheeler, and --
14              THE DEFENDANT:  Thank you, Your Honor.
15              THE COURT:  All right.  You're welcome.
16              COURTROOM DEPUTY:  All rise.
17  --------------------------------------------------------
18                  CERTIFICATE OF COURT REPORTER
19      I, Gretchen Fox, hereby certify that the
20  foregoing is a true and correct transcript from
21  reported proceedings in the above-entitled matter.
22  /S/ Gretchen Fox_____        June 16, 2025
    Gretchen Fox, RPR
23  Official Court Reporter
    Southern District of Indiana
24  Indianapolis Division
25
```